# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **THIRD AMENDED JUDGMENT IN A CRIMINAL CASE** |
| vs. | CASE NUMBER: 8:98-cr-322-T-30MAP<br>USM NUMBER: 12072-004 |
| ALFREDO CARRATALA | Defendant's Attorney: Pro Se, Daniel Castillo as stand-by counsel |

THE DEFENDANT:

_X_ pleaded guilty to count(s) One of the Third Superseding Indictment.
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | Racketeering | April 1, 1998 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)
_X_ Count(s) Two, Three, and Five through Twelve of the Third Superseding Indictment and the underlying indictments are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: October 23, 2001

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: MAY _10_, 2010

Defendant: ALFREDO CARRATALA  
Case No.: 8:98-cr-322-T-30MAP  
Judgment - Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TWO HUNDRED and SEVEN (207) MONTHS as to Count One of the Third Superseding Indictment. This term of imprisonment shall run concurrently to the sentence imposed in Case Number M-98-132-04 in the Southern District of Texas.

___ The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                                                              United States Marshal

                                                       By:_____

                                                       Deputy Marshal

# SUPERVISED RELEASE

     Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS** as to Count One of the Third Superseding Indictment.

     The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

     If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X     The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

X     The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer. The defendant shall provide the probation officer access to any requested financial information.

X     The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as directed by the probation officer.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release

| Defendant: | ALFREDO CARRATALA | Judgment - Page 4 of 6 |
| --- | --- | --- |
| Case No.: | 8:98-cr-322-T-30MAP | |

SPECIAL CONDITIONS OF SUPERVISION

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | $100.00 | Waived | $5,237,811.23 |

__ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Love's Jewelers<br>c/o United States Probation Officer Marilyn G. Westfield<br>300 Northwest First Avenue, Room 315, Miami, FL 33132 | | $212,825.00 | |
| OMB Police Supply<br>c/o Mr. Jack Ralph<br>10376 Mastin Street, Overland Park, Kansas 66212 | | $17,750.00 | |
| Phoenix Jewelry<br>c/o Mr. Fred Nusbaum<br>1499 Northwest 79th Avenue, Miami, FL 33126 | | $1,066,708.00 | |
| 49th Street Pawn<br>c/o Mr. Michael Robey<br>7094 49th Street North, Pinellas Park, FL 33781 | | $507,500.00 | |
| Maurice Jewelers<br>c/o Mr. Andrew Koppel<br>13615 South Dixie Highway, Miami, FL 33716 | | $1,707,827.00 | |
| Antique Silver House<br>c/o Mr. Frank Peterman<br>8976 Seminole Boulevard, Seminole, FL 33772 | | $600,000.00 | |
| Franky's Jewelers d/b/a La Caridad Joyeria<br>c/o Mr. Jose Jiminez<br>1958 West Flagler Street, Miami, FL 33135 | | $300,000.00 | |
| El Brilliante Jewelers<br>1214 Southwest 8th Street, Miami, FL 33135 | | $130,000.00 | |
| Hanson Jewelry<br>c/o U.S. Probation Officer Marilyn G. Westfield<br>300 Northwest First Avenue, Room 315, Miami, FL 33132 | | $601,130.00 | |
| Daniel Jewelry<br>8234 Northwest 103rd Street, Hialeah Gardens, FL 33016 | | $15,830.00 | |
| Verizon (formerly known as GTE)<br>3402 West Columbus Drive, Tampa, FL 33607 | | $78,241.23 | |
| **Totals:** | | **$5,237,811.23** | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant: ALFREDO CARRATALA  
Case No.: 8:98-cr-322-T-30MAP  
Judgment - Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __ Lump sum payment of $ _ due immediately, balance due

   __ not later than _____, or

   __ in accordance __ C, __ D, __ E or __ F below; or

B. _X_ Payment to begin immediately (may be combined with __ C, __ D, or __ F below); or

C. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. __ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_X_  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

Defendant Name, Case Number, and Joint and Several Amount: Love's Jewelry in the amount of $212,825, jointly and severally with Paul Mathieson* and Jose Lausell*; OMB Police Supply in the amount of $17,750, jointly and severally with Paul Mathieson*; Phoenix Jewelers in the amount of $ 1,066,708, joint and several with Paul Mathieson* and Sean Powell*; 49th Street Pawn in the amount of $507,500, jointly and severally with Paul Mathieson*, Grant Campbell*, and Jose Lausell*; Maurice Jewelers in the amount of $1,707,827, jointly and severally with Paul Mathieson*, Carlos Cortes*, Jose Lausell*, Sean Powell*, and Mike Yakut*; Antique Silver House in the amount of $600,000, jointly and severally with William Deering*, Carlos Cortes*, Jose Lausell*, and Julio Lausell*; Franky's Jewelers in the amount of $300,000, jointly and severally with Jose Lausell*, Julio Lausell*, Carlos Cortes*, and Sean Powell*; El Brilliante Jewelry in the amount $130,000, to be paid jointly and severally with Michael Hidalgo (Case No.:8:00-cr-116-T-30TGW), Connie Lopez*, Wilberto Rodriguez*, and Mike Yakut*; Hanson Jewerly in the amount of $601,130, jointly and severally with Paul Mathieson* and Jose Lausell*; Daniel Jewelry in the amount of $15,830, to be paid jointly and severally with Connie Lopez*, Wilberto Rodriguez*, Michael Hidalgo (Case No.:8:00-cr-116-T-30TGW), William Deering*, and Kenneth Abela*; GTE (Verizon) in the amount of $78,241.23, to be jointly and severally with Wilberto Rodriguez*, Connie Lopez*, Kenneth Abela*, Brian Staggs*, Randy Borrero (Case No.: 8:98-cr-170-T-23MSS), Stephanie Parrish (Case No.: 8:98-cr-170-T-23MSS), Angela Johnson*, and Jeremy Johnson*.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.